# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Nan R. Nolan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 9824 | **DATE** | 1/13/2003 |
| **CASE TITLE** | French vs. Amsleep, Inc, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached Memorandum Opinion and Order, Amsleep's motion in limine is granted in part and denied in part [22-1]. Pajazetovic's motion in limine is denied [21-1]. French's motion to bar evidence, testimony and documents [24-1] is granted. French's motion to bar evidence to contest the battery [23-1] is denied. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| ✓ | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JAN 14 2003 | |
| | Notified counsel by telephone. | | date docketed | 33 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| cav | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SHANNON FRENCH, )
)
    Plaintiff, )
)
vs. ) Case No. 01 C 9824
)
AMSLEEP, INC. a/k/a AMERICAN )
MATTRESS, a corporation and ERMIN )
PAJAZETOVIC, individually, )
)
    Defendants. )

## MEMORANDUM OPINION AND ORDER

NAN R. NOLAN, Magistrate Judge:

This matter is before the Court on defendant Amsleep Inc. d/b/a American Mattress's Motion in Limine, defendant Ermin Pajazetovic's Motion in Limine to Bar Evidence of Conviction for Battery, and plaintiff Shannon French's Motion in Limine to Bar Evidence, Testimony, or Documents and Motion in Limine to Bar Evidence Offered to Contest the Battery Committed by Defendant Pajazetovic. For the reasons set forth below, Amsleep's motion is granted in part and denied in part, Pajazetovic's motion is denied, French's motion to bar evidence, testimony and documents is granted and French's motion to bar evidence to contest the battery is denied.

## DISCUSSION

"A federal court's authority to manage trials includes the power to exclude evidence pursuant to motions in limine." *Tzoumis v. Tempel Steel Co.*, 168 F. Supp. 2d 871, 873 (N.D. Ill. 2001) (quoting *Falk v. Kimberly Services, Inc.*, No. 92 C 1079, 1997 WL 201568, at *1 (N.D. Ill.

33

Apr. 16, 1997)). A motion in limine is "an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." *Jonasson v. Lutheran Child and Family Services*, 115 F.3d 436, 440 (7th Cir. 1997). Evidence should not be excluded before trial unless it is clearly inadmissible on all potential grounds. "[E]videntiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in the proper context." *Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Denial of a motion in limine "does not mean all the evidence within the scope of the motion will be admitted at trial." *Tzoumis*, 168 F. Supp. 2d at 874. Rather, the court "should entertain objections to proffers as they occur at trial, even for areas that fall in the scope of a denied motion in limine." *Id.*

1. **Evidence of Amsleep's size or financial resources.**

Amsleep argues without explanation that evidence of its financial status should be excluded at trial. The company's financial status is relevant to French's claim for punitive damages under federal and state law. *See EEOC v. Staffing Network, LLC*, No. 02 C 1591, 2002 WL 31473840 (N.D. Ill. Nov. 4, 2002); *Pivot Point International, Inc. v. Charlene Products, Inc.*, 170 F. Supp. 2d 828 (N.D. Ill. 2001). However, the evidence only becomes admissible upon French's showing that defendants acted "with malice or with reckless indifference to" her rights, *Emmel v. Coca-Cola Bottling Co. of Chicago*, 95 F.3d 627, 636 (7th Cir. 1996) (quoting 42 U.S.C. §1981a(b)(1)), or committed "willful or wanton misconduct." *Bryant v. Livigni*, 250 Ill. App. 3d 303, 312, 619 N.E.2d 550, 558 (1993). Thus, the motion in limine to exclude evidence of Amsleep's financial status is granted until the Court determines that French has

made a colorable claim for punitive damages. *See Koblosh v. Adelsick*, No. 95 C 5209, 1997 WL 311956, at *2 (N.D. Ill. June 5, 1997).

2.  **Evidence that Pajazetovic tried to "steal a kiss" from Kristin McCoy.**

Amsleep seeks to exclude evidence that Pajazetovic allegedly made a sexual advance towards former Amsleep employee Kristin McCoy; that French spoke to McCoy about the incident; and that French, Gurnee store manager James Huffman, and employee JacLynn Wrobel had a conversation about the incident. The Court agrees that evidence regarding the alleged encounter between Pajazetovic and McCoy would arguably require a trial within a trial as to whether McCoy was subjected to unlawful sexual harassment, and that any probative value would be outweighed by the danger of unfair prejudice to defendants, likely confusion of the issues, and significant litigation time. *See, e.g., McCleland v. Montgomery Ward & Co.*, No. 95 C 237, 1995 WL 571324, at *3 (N.D. Ill. Sept. 25, 1995) (excluding evidence of another employee's harassment complaint where it "would necessitate a 'trial within a trial'"). This portion of Amsleep's motion is granted.

However, evidence that Huffman told French and Wrobel that Pajazetovic attempted to "steal a kiss" from McCoy and that he was upset with Pajazetovic (Contested Facts ¶36) is relevant to whether Amsleep "knew or should have known that the employee had a particular unfitness for the position so as to create a danger of harm to third persons," which is an element of French's *prima facie* case of negligent retention. *Soranno v. New York Life Insurance Co.*, No. 96 C 7882, 1999 WL 104403, at *13-14 (N.D. Ill. Feb. 24, 1999) (citing *Van Horne v. Muller*, 294 Ill. App. 3d 649, 657, 691 N.E.2d 74, 79 (1998)). It would also be admissible to impeach a claim by Huffman that he did not have prior knowledge that Pajazetovic was engaging

3

in inappropriate behavior. (Contested Facts ¶59). Thus, French may present evidence that Huffman made statements in June 2000 indicating that he knew that Pajazetovic allegedly tried to "steal a kiss" from McCoy prior to July 31, 2000.

3.  **Evidence of Pajazetovic's trial and conviction for battery in Lake County, IL.**

Amsleep and Pajazetovic both seek to exclude evidence that Pajazetovic was tried and convicted of battery in Lake County, Illinois in connection with the events surrounding this case. French, in turn, seeks to prevent defendants from introducing evidence to contest that Pajazetovic committed a battery against her. All of these motions are denied.

In Illinois, "evidence of a prior criminal conviction is admissible in a civil proceeding as *prima facie* evidence of the facts upon which the conviction is based if those facts are relevant to some issue involved in the civil proceeding." *Calusinski v. Kruger*, 24 F.3d 931, 934 (7th Cir. 1994) (internal quotations omitted). Pajazetovic was convicted of battery for his actions on July 31, 2000, and those actions form the basis of the claims at issue in this case. Thus, there is no basis for excluding this evidence at trial. At the same time, Pajazetovic's conviction is not conclusive evidence of the underlying facts, so he may present evidence to rebut the factual basis of the conviction, including evidence that the encounter was consensual. *See Santiago v. Furniture Chauffeurs, Piano Movers, Packers, and Handlers Local 705*, No. 99 C 2886, 2001 WL 11058, at *2 (N.D. Ill. Jan. 4, 2001).

4.  **Evidence that Cloud Nine is a "Head shop".**

French seeks to exclude evidence that her current employer, Cloud Nine, is a "Head shop," *i.e.*, a place that engages in the sale of drug paraphernalia or other illicit activities. Defendants do not argue that this information is relevant to this case and the motion is granted.

## 5. JacLynn Wrobel's shoplifting conviction.

French seeks to exclude evidence that Wrobel was convicted of shoplifting. Defendants do not challenge this motion and the Court agrees that the information should be excluded under FRE 609. *See Arellano v. Etan Industries, Inc.*, No. 97 C 8512, 1998 WL 417599, at *2 (N.D. Ill. July 20, 1998) ("[p]laintiff's shoplifting would . . . not be admissible because 'petty shoplifting does not in and of itself qualify as a crime of dishonesty under Rule 609'") (quoting *United States v. Amaechi*, 991 F.2d 374, 379 (7th Cir. 1993)).

## 6. Evidence of French's sexual behavior, predisposition or reputation.

French asks this Court to exclude evidence of French's sexual behavior, predisposition or reputation pursuant to FRE 412(c). Evidence of a plaintiff's sexual conduct or predisposition is not prohibited in all circumstances. Rather, the Court must consider the potential relevance of such evidence to prevent its use for purposes exploiting stereotypes or subjecting a party to gratuitous embarrassment and invasion of privacy. *See Alberts v. Wickes Lumber Co.*, No. 93 C 4397, 1995 WL 117886, at *2 (N.D. Ill. Mar. 15, 1995); *Blackmon v. Buckner*, 932 F. Supp. 1126, 1128 (S.D. Ind. 1996). In this regard, the Rule requires that a party intending to offer evidence of sexual predisposition "file a written motion at least 14 days before trial specifically describing the evidence and stating the purpose for which it is offered." FRE 412(c)(1)(A).

Given that defendants have not responded to French's motion in limine or otherwise indicated what evidence they intend to present at trial, the motion is granted.

## CONCLUSION

For the reasons stated above, Amsleep's motion (Docket Entry #22-1) is granted *in part* and denied in part, Pajazetovic's motion (Docket Entry #21-1) is denied, French's motion to bar

evidence, testimony and documents (Docket Entry #24-1) is granted, and French's motion to bar evidence to contest the battery (Docket Entry #23-1) is denied.

                                                                                        _/s/ Nan R. Nolan_
                                                                                        NAN R. NOLAN
                                                                                 United States Magistrate Judge

Dated: January 13, 2003